UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

RECEIVED
USDC CLERK, COLUMBIA, SC
2025 JAN 13  PM 1: 16

| | |
|---|---|
| MARQUETTE MARSHALL, Pro Se <br><br> Plaintiff, <br><br> v. <br><br> NAVY FEDERAL CREDIT UNION, <br>   Defendant. | **COMPLAINT** <br><br> C/A No.: <u>1:25-cv-00214-MGL-SVH</u> |

**NOW COMES PLAINTIFF, MARQUETTE MARSHALL,** by and through undersigned counsel, and files this Complaint against Defendant Navy Federal Credit Union, and states as follows:

**PARTIES**

1. Plaintiff, Marquette Marshall, is a resident of **Aiken, South Carolina**.

2. Defendant, Navy Federal Credit Union, is a federally chartered credit union with its principal office located at **820 Follin Ln SE Vienna, VA, 22180**

**NATURE OF ACTION**

This action arises from Defendant Navy Federal Credit Union's violations of the Equal Credit Opportunity Act (ECOA), the South Carolina Uniform Power of Attorney Act, and the South Carolina Unfair Trade Practices Act. Plaintiff alleges that Defendant unlawfully denied a credit application, failed to issue an adverse action notice as required by federal law, engaged in defamatory practices, engaged in ongoing discriminatory practices and refused to recognize a valid Power of Attorney, causing Plaintiff harm and financial inconvenience. Plaintiff seeks declaratory, injunctive, and monetary relief for these violations.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the claims arise under the Equal Credit Opportunity Act (15 U.S.C. § 1691).

The references to the Equal Credit Opportunity Act accurately reflect statutory requirements, particularly regarding adverse action notices and timelines. Under 15 U.S.C. § 1691(d), creditors must notify applicants of action taken on their credit applications within 30 days, including specific reasons for denial or a statement that the applicant may request the reasons in writing. Plaintiff alleges that Defendant failed to comply with these statutory obligations by not providing timely notice or a clear explanation of denial, constituting a violation of the ECOA.

4. Supplemental jurisdiction over state law claims is proper pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this Court because the acts complained of occurred in this jurisdiction, and Defendant conducts business here.

## FACTUAL ALLEGATIONS

6. On or about October 26, 2024, Plaintiff applied for a Navy Federal Flagship Credit Card by mail.

7. On November 11, 2024, after receiving no response, Plaintiff contacted Navy Federal to check the status of the application and was informed by a representative that the application was denied because Plaintiff exercised the legal right to retain their security interest.

8. Plaintiff requested an adverse action notice as required by the Equal Credit Opportunity Act (15 U.S.C. § 1691), but Defendant refused to issue one.

9. Plaintiff followed up with Navy Federal's Lending Team via its online portal. Defendant stated that the application was incomplete but failed to provide specifics, despite Plaintiff's repeated inquiries.

10. Under the Equal Credit Opportunity Act (ECOA) and related regulations (12 C.F.R. § 202.9), which specify that a refusal to relinquish a security interest does not render an application incomplete, an application is not deemed incomplete solely because the applicant chooses to retain their security interest.

11. On November 29, 2024, Plaintiff submitted another credit application to Navy Federal along with additional documentation, including a South Carolina Durable Power of Attorney executed in Georgia, which complies with the South Carolina Uniform Power of Attorney Act (S.C. Code Ann. §§ 62-8-105 and 62-8-106), which ensures that a properly executed Power of Attorney is valid and enforceable if it complies with the formalities required by South Carolina law or the jurisdiction in which it was executed. These statutes explicitly validate a POA executed in another state if it meets the standards of either South Carolina law or the jurisdiction of execution, further protecting the rights of principals from unjust denials by third parties..

12. USPS tracking (No. 9500 1119 3744 4334 7440 81) confirmed Defendant received these materials on December 2, 2024.

13. Defendant failed to process Plaintiff's second application within the required 30 days and continued to delay the processing, despite Plaintiff contacting the Consumer Financial Protection Bureau (CFPB). Defendant merely stated to the CFPB that they were "working on the issue" but took no substantive action for either application.

14. On December 12, 2024, Plaintiff contacted Defendant to confirm receipt of the documents. Plaintiff was informed that the account was labeled with the defamatory designation "sovereign citizen," falsely associating Plaintiff with terrorism.

15. Defendant's POA department stated Plaintiff's Power of Attorney was invalid due to its execution in Georgia, despite compliance with § 62-8-106, which explicitly validates out-of-state POAs meeting South Carolina or jurisdictional standards.

16. Defendant's continued delays, defamatory labeling, and refusal to recognize a valid Power of Attorney caused Plaintiff significant harm, including emotional distress from prolonged uncertainty, reputational damage due to the defamatory labeling as a "sovereign citizen," and financial inconvenience from the inability to access necessary credit and complete financial transactions. These delays further undermined Plaintiff's trust and created unnecessary barriers to effective resolution. including emotional distress, reputational damage, and financial inconvenience.

## CAUSES OF ACTION

### COUNT I: Violation of the Equal Credit Opportunity Act (15 U.S.C. § 1691)

17. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

18. Defendant denied Plaintiff's credit application and failed to issue an adverse action notice, in violation of 15 U.S.C. § 1691 and 12 C.F.R. § 202.9.

19. Defendant further failed to process Plaintiff's applications within the statutory 30-day period as mandated by 15 U.S.C. § 1691(d), depriving Plaintiff of their right to timely notification and resolution.

20. Defendant's conduct represents a "pattern or practice" of noncompliance, warranting investigation and remedial action.

### COUNT II: Defamation

21. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

22. Defendant's labeling of Plaintiff as a "sovereign citizen" falsely and maliciously associates Plaintiff with terrorism, causing reputational harm.

23. Defendant published this false statement internally and to its representatives with reckless disregard for the truth.

## COUNT III: Violation of the South Carolina Uniform Power of Attorney Act

24. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

25. Defendant refused to recognize a valid South Carolina Durable Power of Attorney executed in compliance with S.C. Code Ann. §§ 62-8-105 and 62-8-106.

26. Defendant's refusal constitutes an unlawful obstruction of Plaintiff's rights as principal, causing harm and delays in Plaintiff's financial transactions.

## COUNT IV: Violation of the South Carolina Unfair Trade Practices Act (S.C. Code Ann. § 39-5-20)

27. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

28. Defendant's deceptive practices, including wrongful denial of credit and defamation, constitute unfair and deceptive acts or practices in the conduct of trade or commerce.

29. These practices affect the public interest by setting a harmful precedent and causing potential harm to other consumers.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant for the following:

a. A declaration that Defendant violated the ECOA, South Carolina Uniform Power of Attorney Act, and South Carolina Unfair Trade Practices Act.

b. Compensatory damages for reputational harm, emotional distress, and financial inconvenience.

c. Statutory and punitive damages under the ECOA and South Carolina Unfair Trade Practices Act.

d. An order directing Defendant to remove defamatory designations and appropriately train employees to prevent future occurrences.

e. An order compelling Defendant to process Plaintiff's credit application in compliance with all applicable laws.

f. Attorneys' fees, costs, and any other relief the Court deems just and proper.

DATED this 26th day of December, 2024

Marquette Marshall

*Marquette Marshall*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
District of South Carolina  ▼

Columbia Division

| MARQUETTE MARSHALL | ) | Case No. 1:25-cv-00214-MGL-SVH |
|---|---|---|
| | ) | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | ) | |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) | Jury Trial: *(check one)*  ☐ Yes  ☒ No |
| -v- | ) | |
| NAVY FEDERAL CREDIT UNION | ) | |
| *Defendant(s)* | ) | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) | |

## COMPLAINT FOR A CIVIL CASE

I.  **The Parties to This Complaint**

   A.  **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | MARQUETTE MARSHALL |
   | Street Address | 421 Good Springs Rd |
   | City and County | Aiken |
   | State and Zip Code | South Carolina 29801 |
   | Telephone Number | 803-292-8714 |
   | E-mail Address | MARSHALL.MARQUETTE@yahoo.com |

   B.  **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Page 1 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1
    Name: NAVY FEDERAL CREDIT UNION
    Job or Title (if known):
    Street Address: 820 Follin Ln
    City and County: Vienna  Fairfax County
    State and Zip Code: Virginia 22180
    Telephone Number: 1-888-842-6328
    E-mail Address (if known):

Defendant No. 2
    Name:
    Job or Title (if known):
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address (if known):

Defendant No. 3
    Name:
    Job or Title (if known):
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address (if known):

Defendant No. 4
    Name:
    Job or Title (if known):
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address (if known):

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✔] Federal question        [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
15 U.S.C 1691 and 12 U.S.C 5531, 12 C.F.R 202.9

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual
    
    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____ .
    
    b. If the plaintiff is a corporation
    
    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,
    and has its principal place of business in the State of *(name)* _____ .

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual
    
    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

Page 3 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

      b.    If the defendant is a corporation

          The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

          Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:
Maximum Penalties For Any Violation Described In Subsection is $10,000 under 15 U.S.C 1691

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.
Discrimination

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

### V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

#### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12/26/2024

Signature of Plaintiff     *Marquette Marshall*
Printed Name of Plaintiff   Marquette Marshall

#### B. For Attorneys

Date of signing: _____

Signature of Attorney     _____
Printed Name of Attorney  _____
Bar Number                _____
Name of Law Firm          _____
Street Address            _____
State and Zip Code        _____
Telephone Number          _____
E-mail Address            _____