

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| MARQUETTE MARSHALL,  §<br>Plaintiff, §<br> §<br> §<br>vs.  §<br> §<br> §<br> §<br>NAVY FEDERAL CREDIT UNION,  §<br>Defendant.  § | CIVIL ACTION NO. 1:25-214-MGL |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

Plaintiff Marquette Marshall (Marshall), who is self represented, filed this lawsuit against Defendant Navy Federal Credit Union (NFCU).

Marshall brings the following causes of action against NFCU: (1) violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 (ECOA), (2) defamation, (3) violation of the South Carolina Uniform Power of Attorney (POA) Act, S.C. Code Ann. § 62-8-102 (SCUPAA), and (4) violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-20 (SCUTPA).

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court NFCU's motion to dismiss be granted in part, and denied in part. Specifically, she recommends NFCU's motion to dismiss Marshall's defamation, SCUPAA, and SCUTPA claims be granted, but its motion to dismiss his ECOA

procedural claim be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 22, 2025, Marshall filed his objections to the Report on May 5, 2025, and NFCU filed their reply to Marshall's objections, along with what the Court liberally construes to be its objections to the Report, on November 5, 2025. The Court has carefully considered all the objections. But, Marshall's objections are without merit; and, NFCU's objections are untimely. The Court will therefore enter judgment accordingly.

Marshall offers three objections to the Report. For one, he objects to the dismissal of his defamation claim.

Here are Marshall's allegations of defamation, as set forth in his complaint:

> On December 12, 2024, [Marshall] contacted [NFCU] to confirm receipt of the documents. [He] was informed . . . the account was labeled with the defamatory designation "sovereign citizen," falsely associating [him] with terrorism.
>
> [NFCU's] . . . defamatory labeling . . . caused [Marshall] significant harm, including emotional distress from . . . reputational damage due to the defamatory labeling as a "sovereign citizen," and financial inconvenience from the inability to access necessary credit and complete financial transactions. These delays further undermined [Marshall's] trust and created unnecessary barriers to effective resolution. including . . . reputational damage[.]
>
> [NFCU's] labeling of [him] as a "sovereign citizen" falsely and maliciously associates [him] with terrorism, causing reputational harm.

> [NFCU] published this false statement internally and to its representatives with reckless disregard for the truth.

Complaint ¶¶ 14, 16, 22-23.

But, "a plaintiff can recover damages for a false spoken or written statement which damages his reputation [only] if he can show . . . the statement (1) had a defamatory meaning; (2) was published with actual or implied malice; (3) was false; (4) was published by the defendant; (5) concerned the plaintiff; and (6) resulted in presumed damages or in special damages to the plaintiff." *Parker v. Evening Post Pub. Co.*, 452 S.E.2d 640, 644 (S.C. App. 1994).

As the Magistrate Judge correctly noted, Marshall's "allegations[ ] . . . NFCU designated his account as a 'sovereign citizen' account and published this statement internally and to representatives[ ] are insufficient to maintain a claim for defamation." Report at 7.

Marshall offers some more specific allegations about his defamation claim in his objections. But, a plaintiff is unpermitted to interpose new factual allegations in opposing a motion to dismiss. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (complaint cannot be amended to add new factual allegations in opposition to motion to dismiss). Therefore, it logically follows the same thing goes for objections. If Marshall is disallowed from adding new factual allegations in his opposition to NFCU's motion to dismiss, surely he is unable to add new factual allegations in his objections.

Or, to put it in a slightly different way, here, Marshall appears to seek to rely on new allegations contained in his objections, which are absent from the face of his pleading, to defeat NFCU's motion to dismiss. But, the Court looks only to the allegations in the complaint to determine whether to grant or deny a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S.) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." (citations omitted) (internal quotation marks omitted)).

Accordingly, for these reasons, the Court will overrule Marshall's defamation objections.

Marshall also objects to his SCUPAA claim being dismissed. He makes the following SCUPAA allegations in his complaint:

> [NFCU's] POA department stated [Marshall's POA] was invalid due to its execution in Georgia, despite compliance with § 62-8-106, which explicitly validates out-of-state POAs meeting South Carolina or jurisdictional standards.
>
> [NFCU's] . . . refusal to recognize a valid [POA] caused [Marshall] significant harm, including emotional distress from prolonged uncertainty[ ] . . . and financial inconvenience from the inability to access necessary credit and complete financial transactions. These delays further undermined [Marshall's] trust and created unnecessary barriers to effective resolution. including emotional distress[ ] . . . and financial inconvenience.
>
> [NFCU] refused to recognize a valid South Carolina Durable [POA] executed in compliance with S.C. Code Ann. §§ 62-8-105 and 62-8-106.
>
> [NFCU's] refusal constitutes an unlawful obstruction of [Marshall's] rights as principal, causing harm and delays in [his] financial transactions.

Complaint ¶¶ 15-16, 25-26. The two above-listed statutes, S.C. Code Ann. §§ 62-8-105 and 62-8-106, are concerned with how to execute a POA and the validity of a POA, including those executed in another state.

Marshall makes these conclusory objections to the Report: "A valid Georgia Durable [POA] was properly executed[;] The POA was delivered to [NFCU; NFCU] acknowledged receipt but explicitly refused to recognize it due to its out-of-state origin[;] [and] . . . . dismissal of [Marshall's] SCUPAA claim is improper at this stage[.]" Objections at 4.

Marshall also contends "federal courts recognize that a complaint is not required to attach every piece of evidentiary proof. [He] has alleged facts sufficient to show plausibility; whether the

4

POA meets every technical requirement is a matter for discovery and/or summary judgment, not a basis for dismissal." *Id*. "Moreover," according to Marshall, he "provided a recording in which a Navy Federal representative admits . . . [his] POA was received[.]" *Id*.

These allegations and objections, without more, however, are insufficient to support [Marshall's] argument NFCU failed to recognize a valid South Carolina POA. As NFCU correctly states in its motion to dismiss,

> [Marshall] has made this interpretation and determination as to the legality of the alleged [POA] impossible as the [POA] is not attached to the Complaint and no supporting documents are offered to support the existence of a legally valid [POA]. [Marshall offers only] a barebones conclusion[:] "[NFCU] refused to recognize a valid South Carolina Durable [POA.]" Under *Twombly*, [Marshall] must offer something more than this mere "label." As [Marshall] offers no additional facts to support his bare conclusion of a valid [POA], the claim brought under the SCUPAA must fail as a matter of law and be dismissed.

NFCU's Motion to Dismiss at 6-7 (quoting Complaint ¶ 25).

In sum, the Court is unpersuaded the Magistrate Judge is mistaken in her suggestion Marshall's SCUPAA claim should be dismissed. Consequently, the Court will also overrule Marshall's SCUPAA objections.

Marshall objects to the dismissal of his SCUTPA claims, too. He presents these allegations in support of this claim: NFCU's "deceptive practices, including wrongful denial of credit and defamation, constitute unfair and deceptive acts or practices in the conduct of trade or commerce. These practices affect the public interest by setting a harmful precedent and causing potential harm to other consumers." Complaint ¶¶ 28-29.

As per SCUTPA, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are . . . declared unlawful." S.C. Code § 39-5-20(a). "To recover in an action under the [SCUTPA], the plaintiff must show: (1) the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected

5

[the] public interest; and (3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act(s)." *Health Promotion Specialists, LLC v. S.C. Bd. of Dentistry*, 743 S.E.2d 808, 816 (S.C. 2013) (citation omitted) (internal quotation marks omitted).

Turning back to Marshall's two SCUTPA allegations of "wrongful denial of credit and defamation," Complaint ¶ 28, the Magistrate Judge suggested only Marshall's ECOA procedural claim go forward. She specifically stated Marshall "has not offered any allegations in support of a ECOA discrimination claim[,]" Report at 6 n.2, which would constitute a "wrongful denial of credit[.]" Complaint ¶ 28. Marshall fails to object to this suggestion.

Thus, he has failed to establish a wrongful denial of credit claim and, as discussed above, he is unable to demonstrate a defamation claim. And, his objections are so baseless as to make discussion of them unnecessary.

As such, for these reasons, the Court will overrule his SCUTPA objections, as well.

In what NFCU titled "[NFCU's] Reply to [Marshall's] Objections to the Magistrate Judge's Report and Recommendation[,]" NFCU's Reply at 1 (emphasis omitted) (capitalization standardized), it inexplicably submits just two short paragraphs replying to Marshall's three objections; but, it provides around three-and-a-half pages of objections to the Magistrate Judge's recommendation the Court deny NFCU's motion to dismiss Marshall's ECOA procedural claim.

The time for NFCU to file objections to the Report, however, has long past. And, NFCU neither moved for an extension of time to file its objections, nor offers any excuse for neglecting to present its objections on time. Therefore, the Court will overrule NFCU's objections as untimely. *See Mathis v. Adams*, No. 14–10605, 577 Fed. Appx. 966, 967 (11th Cir. Aug. 19, 2014) ("The district court did not abuse its discretion in determining . . . [the party] failed to show any justification for the untimeliness of his objections. . . . The district court was therefore within its discretion to [overrule the party's] objections as untimely.")

6

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules both Marshall's and NFCU's objections, adopts the Report, and incorporates it herein.  It is therefore the judgment of the Court NFCU's motion to dismiss is **GRANTED IN PART, AND DENIED IN PART**.  Specifically, NFCU's motion to dismiss Marshall's defamation, SCUPAA, and SCUTPA claims is **GRANTED**, but its motion to dismiss Marshall's ECOA procedural claim is **DENIED.**

**IT IS SO ORDERED**.

Signed this 24th day of November, 2025, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Marshall is hereby notified of the right to appeal this Order within the time period allotted in Rules 3 and 4 of the Federal Rules of Appellate Procedure.